IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PRISCILLA ZEPEDA,** § | | |
| Plaintiff § | | |
| § | Civil Action Number_____ | |
| v. § | | |
| § | | |
| **FAITH FAMILY KIDS**, § | | |
| Defendant § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff PRISCILLA ZEPEDA ("Ms. Zepeda") to hereby file her "Plaintiff's Original Complaint" and in support Ms. Zepeda would show this Honorable Court the following:

### *PREAMBLE*

### *EXPERIENCED PRINCIPAL*
### *FIRED FOR FREE EXPRESSION AND BEING HISPANIC*

Plaintiff Ms. Zepeda was a principal employed by Defendant Faith Family Academy (defined herein). Ms. Zepeda has been a dedicated employee in the pursuit of educating children. Ms. Zepeda had a stellar reputation as an educator which was significantly tarnished by Defendant's actions against Ms. Zepeda. Defendant pursued a direct and deliberate path to silence Ms. Zepeda, which Ms. Zepeda fought and now seeks relief.

### A. NATURE OF SUIT

1. Plaintiff Ms. Zepeda has been the victim of discrimination, harassment, and defamation based on Ms. Zepeda's Hispanic race and in retaliation for the exercise of Ms. Zepeda's rights under the First Amendment of the United States

Constitution. Such acts of discrimination, harassment, and defamation have caused significant injury to Ms. Zepeda.

2.  Plaintiff Ms. Zepeda now files this original action for damages and equitable relief pursuant to:

>  (a) 42 U.S.C. §§2000d-2000d-7 et seq being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and
>
>  (b) 42 U.S.C. § 1983 with regards to:
>
>  > (i) Defendant's denial (under the color of law) of Plaintiff Ms. Zepeda's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and
>  >
>  > (ii) Defendant's denial (under the color of law) of Plaintiff Ms. Zepeda's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

3.  Further, this Court may exercise supplemental jurisdiction over Plaintiff Ms. Zepeda's Texas claims set forth hereafter arising under Texas law pursuant to 28 U.S.C. § 1367.

## B. PARTIES

4.  Plaintiff Ms. Zepeda is a Hispanic female residing in the State of Texas.

5.  Defendant FAITH FAMILY KIDS is a Texas non-profit corporation doing business as Faith Family Kids, Inc. and Faith Family Academy-Oak Cliff

PLAINTIFF'S ORIGINAL COMPLAINT                                                              2
Glaw 2020.12.02

(hereafter referred to as "FFA"). Defendant FFA operates charter schools formed under and governed by the laws of the State of Texas and further operates under the United States Department of Education which provides federal funds to FFA. Defendant FFA may be served with summons by service upon FFA's Superintendent as follows:

**FAITH FAMILY KIDS**
**ATTN: MOLLIE J. PURCELL, SUPERINTENDENT**
**1608 OSPREY DRIVE**
**DESOTO, TEXAS, 75115**

## C. JURISDICTION and VENUE

6. The original Jurisdiction of this Court is in accordance with 28 U.S.C. § 1331 as involving a *federal question* proceeding arising under:

   (a)   42 U.S.C. §§2000d-2000d-7 et seq being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and

   (b)   42 U.S.C. § 1983 with regards to:

         (i)   Defendant's denial (under the color of law) of Plaintiff Ms. Zepeda's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

         (ii)  Defendant's denial (under the color of law) of Plaintiff Ms. Zepeda's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

7. Venue is proper in the Northern District of Texas (Dallas Division) because the FFA Oak Cliff school where Plaintiff Ms. Zepeda worked for Defendant FFA is in Dallas, Dallas County, Texas which is where the underlying events occurred. Dallas County is within the Northern District of Texas.

## D. FACTUAL BACKGROUND

### WHO IS PLAINTIFF MS. ZEPEDA?

8. Plaintiff Ms. Zepeda is an Hispanic bilingual female. At all times material, Ms. Zepeda was an employee of Defendant FFA.

9. Plaintiff Ms. Zepeda was specifically hired by Defendant FFA to be the principal at Defendant's FFA school in Oak Cliff (hereafter, sometimes the "Oak Cliff School")

10. Defendant FFA receives grants and funding from the United States government.

11. Plaintiff Ms. Zepeda was overjoyed at the opportunity to be the principal at Defendant FFA's Oak Cliff School, where Ms. Zepeda believed she could truly make a difference with the students.

### WHO IS DEFENDANT FFA?

12. As stated, Defendant FFA is a non-profit corporation formed under the laws of the State of Texas and operates various charter schools in Texas, under the laws of the State of Texas and the United States Department of Education.

13. As part of its funding, Defendant FFA receives grants and other funds from the United States government that are used for the primary objective of providing for employment of educators and administrators of students.

14. Plaintiff Ms. Zepeda was employed by Defendant FFA under a contract ("Contract").

### DEFENDANT FFA'S WRONGFUL ACTIONS TOWARDS MS. ZEPEDA.

15. On December 3, 2018, Plaintiff Ms. Zepeda received her last paycheck from Defendant FFA ("Termination" or "Terminated"). Although no truthful reasons were given to Plaintiff Ms. Zepeda for the Termination, Defendant did say it was a necessary reduction in staff. However, Defendant FFA's statement was an obvious lie because Defendant immediately replaced Ms. Zepeda with a younger, Anglo woman, with no bilingual skills, who was now in charge of a dual language school. Such replacement also had no experience in campus administration.

16. The truth is that Plaintiff Ms. Zepeda was Terminated because:

   (a) Plaintiff Ms. Zepeda was Hispanic, and

   (b) Plaintiff Ms. Zepeda had the audacity to publicly express her First Amendment right of free speech with regards (a) to Defendant FFA's failure to follow its own policies and procedures, and (b) Defendant FFA's ill treatment of other employees.

17. Prior to Plaintiff Ms. Zepeda's Termination, Defendant FFA had taken deliberate steps to threaten and degrade Ms. Zepeda with false allegations of how

Ms. Zepeda was viewed by her staff, threats of termination, and the imposition (under duress) of employment related "expectations" as to Ms. Zepeda.

18. When Plaintiff Ms. Zepeda refused to resign, as Defendant FFA had hoped, Defendant FFA elected simply to get rid of Plaintiff Ms. Zepeda through the Termination.

19. Defendant FFA provided no due process whatsoever with regards to allowing Plaintiff Ms. Zepeda to challenge the Termination.

20. After the Termination, Plaintiff Ms. Zepeda immediately sought employment elsewhere.

21. On December 17, 2018 Arlington Independent School District ("Arlington") offered Plaintiff Ms. Zepeda a job, subject to an oral reference from her "most immediate supervisor" from Defendant FFA. Initially, Defendant FFA purposely dodged and ignored the reference calls coming from Arlington. Eventually, Defendant FFA did respond to Arlington, only to trash Ms. Zepeda's employment history with Defendant FFA.

22. Having received the false and vicious reference from Defendant FFA, on January 11, 2019, Arlington withdrew its offer to hire Plaintiff Ms. Zepeda.

23. At all material times, Plaintiff Ms. Zepeda conducted herself in a consistently professional and competent manner, performing all requirements of her principal's job and all conditions precedent to her employment.

## *HARM TO PLAINTIFF MS. ZEPEDA*

24. Defendant FFA's discrimination, retaliation, and defamation against, and as, to Plaintiff Ms. Zepeda has caused Ms. Zepeda to suffer physical and economic harm, including loss of wages and medical expenses. Plaintiff Ms. Zepeda has also suffered extreme emotional harm as a result of the referenced discriminatory, retaliatory, and defamatory actions of Defendant FFA.

25. Left with no choice, Plaintiff Ms. Zepeda was forced to engage counsel to seek relief herein.

26. Plaintiff Ms. Zepeda has met all conditions precedent to bringing these claims before this Honorable Court.

## E. **CAUSES OF ACTION**

27. The forgoing factual allegations contained in the foregoing section D: Factual Background are incorporated into this section E by reference for all purposes.

## **COUNT ONE: TITLE VI VIOLATION**

28. Title VI provides in relevant part that: "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

29. Because Defendant FFA does receive federal financial assistance, Defendant FFA is prohibited from discriminating against employees because of employees' race, but that is exactly what Defendant FFA did with its Termination of Plaintiff Ms. Zepeda because of her Hispanic race. In doing so, Defendant FFA has violated Title VI.

30. Defendant FFA's Termination of Plaintiff Ms. Zepeda in violation of Title VI has caused Plaintiff Ms. Zepeda to suffer a loss of benefits and created economic losses, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues in accord with Title VI.

31. Defendant FFA's Termination of Plaintiff Ms. Zepeda in violation of Title VI has caused Plaintiff Ms. Zepeda to suffer mental and emotional distress and damages, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues in accord with Title VI.

## COUNT TWO: VIOLATION OF SECTION 1983

32. 42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

33. The Fourteenth Amendment to the United States Constitution grants Plaintiff Ms. Zepeda the right to procedural and substantive due process and to equal protection under the law, which were entirely denied to Ms. Zepeda.

34. Further, the First Amendment to the United States Constitution grants Plaintiff Ms. Zepeda the right to express complaints and concerns related to an employer's improper actions and efforts to harm others, which Plaintiff Ms. Zepeda did. In retaliation for such expression, Defendant FFA simply Terminated Plaintiff Ms. Zepeda.

35. The First Amendment also grants Plaintiff Ms. Zepeda the right to assemble peaceably, which Defendant FFA denied Ms. Zepeda.

36. Defendant FFA's acts and omissions were intentional, arbitrary, and capricious, resulting in violations of Plaintiff Ms. Zepeda's procedural and substantive due process, the right to equal protection under the law, as well as Ms. Zepeda's First Amendment rights.

37. Defendant FFA's acts and omissions against Plaintiff Ms. Zepeda in violation of Section 1983 have caused Plaintiff Ms. Zepeda to suffer a loss of benefits and created economic losses, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues in accord with Section 1983.

38. Defendant FFA's acts and omissions against Plaintiff Ms. Zepeda in violation of Section 1983 have caused Plaintiff Ms. Zepeda to suffer mental and emotional distress and damages, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues in accord with Section 1983.

### COUNT THREE: BREACH OF CONTRACT.

39. Defendant FFA's Termination of Plaintiff Ms. Zepeda was a material breach of the Contract between Defendant FFA and Plaintiff Ms. Zepeda.

40. Defendant FFA's breach of the Contract with Plaintiff Ms. Zepeda has caused Plaintiff Ms. Zepeda to suffer a loss of benefits and created economic losses, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues.

41. Defendant FFA's breach of the Contract with Plaintiff Ms. Zepeda has caused Plaintiff Ms. Zepeda to suffer mental and emotional distress and damages, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues.

### COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Defendant FFA's acts and omissions taken against Plaintiff Ms. Zepeda:

    (a)    were intentionally and willfully undertaken by Defendant FFA to harm Plaintiff Ms. Zepeda;

    (b)    were reckless and committed with no regard for the outcome;

    (c)    were extreme and outrageous in nature;

    (d)    have caused emotional distress upon Plaintiff Ms. Zepeda; and

    (e)    such emotional stress has been extreme.

43.    As a result, Defendant FFA has intentionally inflicted emotional distress upon Plaintiff Ms. Zepeda and is liable to Ms. Zepeda for actual and consequential damages for which Plaintiff Ms. Zepeda now sues.

## COUNT FIVE: DEFAMATION

44.    Defendant FFA's reference of Plaintiff Ms. Zepeda made to Arlington was a defamatory slur directly against Plaintiff Ms. Zepeda, was false, and knowingly made by Defendant FFA to harm Plaintiff Ms. Zepeda.

45.    Defendant FFA's defamation of Plaintiff Ms. Zepeda has caused Plaintiff Ms. Zepeda to suffer a loss of benefits and created economic losses, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues.

46.    Defendant FFA's defamation of Plaintiff Ms. Zepeda has caused Plaintiff Ms. Zepeda to suffer mental and emotional distress and damages, including

actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues.

## COUNT SIX: TORTIOUS INTERFERENCE

47. Defendant FFA's reference of Plaintiff Ms. Zepeda given to Arlington was a defamatory slur directly against Plaintiff Ms. Zepeda, and:

   (a) was undertaken with actual knowledge that Plaintiff Ms. Zepeda was about to enter into an employment contract with Arlington;

   (b) was intentionally and willfully undertaken to prevent Plaintiff Ms. Zepeda from obtaining the offered employment from Arlington;

   (c) proximately caused Plaintiff Ms. Zepeda to lose out of the contract of employment with Arlington; and

   (d) has resulted in extreme loss and damages to Plaintiff Ms. Zepeda.

48. Defendant FFA's tortious interference with Plaintiff Ms. Zepeda's business opportunities has caused Plaintiff Ms. Zepeda to suffer a loss of benefits and created economic losses, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues.

49. Defendant FFA's tortious interference with Plaintiff Ms. Zepeda business opportunities has caused Plaintiff Ms. Zepeda to suffer mental and emotional distress and damages, including actual, consequential, continuing, and future compensatory damages, for which Plaintiff Ms. Zepeda now sues.

## F.     OTHER REQUESTED RELIEF.

50. In seeking redress with the Court for the foregoing claims, Plaintiff Ms. Zepeda is also entitled to:

(a). Punitive damages, where allowed by law;

(b) Reimbursement of the attorneys' fees incurred to pursue this matter; and

(c) where permitted, pre and post judgment interest, at the highest rates permitted by law.

(d) Plaintiff Ms. Zepeda is further entitled to recover from Defendant FFA Plaintiff Ms. Zepeda's costs of court.

(e) Finally, Plaintiff Ms. Zepeda hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ms. Zepeda respectfully prays that upon final trial of this matter, Ms. Zepeda recover a judgment against Defendant FFA for:

- Plaintiff's actual and consequential damages;
- Exemplary damages in the manner requested above;
- Plaintiff's reasonable and necessary attorney's fees;
- Prejudgment and post judgment interest, as applicable;
- Plaintiff's costs of court; and

any and all such other relief, legal and equitable, as to which Plaintiff may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

*[signature]*

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF
PRISCILLA ZEPEDA**